THE STATE OF MISSOURI, Respondent, v. JOHN BRENNAN, Appellant.

Kansas City Court of Appeals, May 2, 1898.

1. **Criminal Law:** TRESPASS: CIRCUMSTANTIAL EVIDENCE. The evidence in this case is reviewed and *held* sufficient to support a conviction.

2. ————: EVIDENCE: HARMLESS ERROR. When admissible evidence is ruled out when first offered but is substantially admitted at a later stage of the trial so that no substantial harm results, the judgment must stand.

*Appeal from the Barton Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

THURMAN & WRAY for appellant.

Before a conviction can be sustained on circumstantial evidence, the circumstances must point with reasonable certainty to the guilt of defendant and exclude to moral certainty every reasonable hypothesis of innocence. State v. Moxley, 102 Mo. 374, 388, 389, and authorities cited. If the circumstances relied on to show guilt are as consistent with innocence as guilt, that construction will be placed on them and they will not support a conviction. Kelley's Criminal Law, sec. 288; People v. Bennett, 49 N. Y. 144. The court wholly failed to so instruct the jury. R. S. 1889,

secs. 4208–4220; State v. Brooks, 92 Mo. 592, opinion by Sherwood, J. (2) The court ought to have permitted defendant to show that H. C. Brand, witness for the state, had a suit pending against defendant for damages for the same acts that the state was then prosecuting defendant, especially in view of the fact that the information was filed by the prosecuting attorney, E. L. Moore, on his own information without any complaint. This fact tended to show this witness' interest and bias. 1 Greenl. Ev., sec. 450; State v. Jones, 106 Mo. 302, 311, 312.

EDWIN L. MOORE and TIMMONDS & TIMMONDS for respondent.

(1) Appellant now tries to put the trial court in error for failing to instruct the jury on the law of circumstantial evidence, etc. Nobody ever thought of the matter before. In the first place, no instruction of this kind was asked, no exception saved to such failure, and the attention of the court was not called thereto in the motion for a new trial. State v. Cantlin, 118 Mo. 111; State v. Foster, 115 Mo. 448–451; State v. Nickens, 122 Mo. 607–611; State v. Paxton, 126 Mo. 500–514; State v. Nelson, 132 Mo. 184–196; State v. Hilsabeck, 132 Mo. 348–360; State v. Jones, 134 Mo. 254–251; State v. Foster, 136 Mo. 653–655. In the next place, non-direction in misdemeanor cases is no ground for reversal. State v. Matheis, 49 Mo. App. 237; State v. Baldwin, 56 Mo. App. 423; State v. O'Connor, 65 Mo. App. 324. (2) No error was committed by the court in refusing defendant's permission to prove by Henry C. Brand that he had a civil suit for damages for cutting this fence pending against the Brennans; the matter was wholly immaterial. However, if it were material, they afterward succeeded in proving it by the

witness E. L. Moore.    So that the error, if it was one, did not prejudice defendant and ought not to reverse this judgment.

SMITH, P. J.—This prosecution is based on section 3592, Revised Statutes.    The information, which was filed against P. K. Brennan and John Brennan, contained nine counts.    The fifth, sixth and ninth were dismissed.    There was a trial which resulted in the conviction of the defendants on the seventh count and an acquittal on the others.

The seventh charged that on the said seventh day of April, 1896, at the said county of Barton, in the state of Missouri, the said P. K. Brennan and John Brennan did, then and there, willfully, unlawfully and maliciously STATEMENT. pull and throw down, open, injure and destroy a certain fence, and leave the same down and open, by then and there willfully, unlawfully and maliciously cutting and breaking the wires and pulling up the posts of said fence, the said fence then and there being the property of another, to wit, of Henry C. Brand, and inclosing the land of the said Henry C. Brand, to wit, the west half of the northwest quarter of section 30, in township 32, of range 31, and the northeast quarter of section 25, in township 32, of range 32, all in Barton county, Missouri, and in which said fence and land the said P. K. Brennan and John Brennan then and there had no interest, against the peace and dignity of the state.

Since the appeal the defendant P. K. Brennan has died and as to him the prosecution has been abated and the appeal dismissed.

It is insisted by the remaining defendant, John Brennan, that the evidence presented by the record is wholly insufficient to uphold the conviction.    It is true that as to his guilt the evidence is not so clear and

State v. Brennan.

convincing as to his former codefendant. It
<span style="font-variant:small-caps">Criminal law:</span> is an undisputed fact that the wire fence
<span style="font-variant:small-caps">trespass: cir-</span>
<span style="font-variant:small-caps">cumstantial</span> inclosing the land of H. C. Brand, described
<span style="font-variant:small-caps">evidence.</span>
in the information hereinbefore set forth,
was cut and broken at the time therein charged. The
witness Isaac Fuller testified that about the twentieth
of April, 1896, he had a conversation with the defend-
ant about the cutting of Brand's fence, which had oc-
curred a few days previously, in which the latter said
that Brand's fence was cut down near his house and
that Brand had accused him of cutting it. He further
said that "he did not cut the fence himself." The fact
is conceded that the place referred to by the witness
where the fence was cut was on that part of Brand's
land described in the information. It is true that the
defendant, in his testimony, denied that he made the
admission testified to by the witness Fuller, but in
view of his relation to the prosecution and of the fur-
ther fact that he had been flatly contradicted by other
witnesses in respect to other matters about which he
testified, we do not think his denial worthy of serious
consideration, nor that his admission is countervailed
by his denial.

It is disclosed by the evidence that the defendant
and his former codefendant had been vainly endeavor-
ing for a year or more before the commission of the
offense described in the information to secure the open-
ing of a certain public road through the lands of Brand.
The chief object for doing this was to obtain for de-
fendant a more convenient outlet from his own premises.
Brand opposed the location of the road on the line
desired by the defendant, and, in consequence of this,
the latter's feelings became very much embittered
toward the former. It is conceded that the latter,
pending the road controversy, cut the former's fence
at one or more places other than that charged in the

information. And besides, there is a great number of facts and circumstances disclosed by the two hundred and fifty pages of the evidence, the criminating effect of which can only be appreciated by an examination and analysis of such evidence. These facts and circumstances, independent of the defendant's admission, we think point with reasonable certainty to the defendant's guilt. They are such as to exclude every reasonable hypothesis of innocence. We can not therefore yield the defendant's contention that there was no substantial evidence adduced to support the conviction.

The defendant objects that the trial court erred in rejecting his offer to prove by Brand that he (Brand) had instituted a civil action against him to recover damages for cutting his fence. We think the proffered evidence was admissible for the purpose of impeaching Brand, but since it further appears from the record that the defendant was subsequently permitted to prove this fact by another witness, that no substantial harm resulted to him by reason of the ruling of the court.

——: evidence: harmless error.

The acquittal of the defendant John Brennan on the fifth, sixth and ninth counts and the dismissal of the appeal as to P. K. Brennan renders unnecessary the consideration of the several other questions raised by the appeal. Perceiving no error in the record requiring interference by us it results that the judgment must be affirmed. All concur.